ROBERT H. BARLOW *vs*. JOHN TIERNEY.

PROVIDENCE—JANUARY 13, 1905.

PRESENT: Tillinghast, C. J., Dubois and Blodgett, JJ.

(1) *Pleading. Variance.*

Where the only variance between a writ in trespass and the declaration consists in the omission in the declaration to state that the act was "*vi et armis et contra pacem*" a motion in arrest of judgment will, under the powers of amendment conferred by Gen. Laws cap 235, § 3, be denied.

(2) *Variance. Amendments.*

*Semble*, where a plaintiff has his election to bring either trespass or case, any variance between the writ and declaration as to the two forms of action would be amendable.

(3) *Arrest of Judgment.*

A motion in arrest of judgment can not be acted upon by either a District Court or the Common Pleas Division, but must be certified to the Appellate Division for its decision.

TRESPASS. Heard on motion in arrest of judgment, and denied.

TILLINGHAST, C. J. This is an action of trespass, and is brought to recover damages sustained by the plaintiff from having been bitten by the defendant's dog while the plaintiff was lawfully traveling on a public highway in the city of Pawtucket.

At the trial of the case in the District Court of the Tenth Judicial District, a decision was rendered in favor of the plaintiff for $25.00 damages and $6.75 costs of suit.

(1)        Thereafterwards, and within the proper time, the defendant filed a motion in arrest of judgment on the ground that there was a variance between the writ and declaration in this: That in the writ the case is stated to be an action of trespass, while in the declaration it is stated as though it were an action on the case; that is, that the declaration sounds in trespass on the case instead of in trespass.

Said motion was duly certified to this court, under the statute, and is now before us for decision.

We think the motion should be denied.

The only defect in the declaration is that it fails to allege in terms that the trespass was committed with force and arms and against the peace. It follows the writ in setting out that the action is trespass, and then proceeds to allege that on the day named the defendant was the owner of a certain dog, and that, while the plaintiff was walking along a certain public street in Pawtucket, said dog did bite and wound him, &c., "whereby an action has accrued to the plaintiff under the statute in such case made and provided."

Such a purely technical defect as that relied on by the defendant can not avail in this court.

The form of action was a proper one, as under the statute, Gen. Laws R. I. cap. 111, § 3, it may be either trespass on the case or trespass, at the option of the plaintiff. And the mere fact that the pleader omitted to state that the bite of the dog was *vi et armis, et contra pacem*, ought not to be held to invalidate the entire proceeding in view of the broad powers of amendment which are conferred upon this and other courts by Gen. Laws R. I. cap. 235, § 3, in the following language:

"No summons, writ, declaration, return, process, judgment, or other proceeding in civil causes in any court shall be abated, arrested, quashed, or reversed for any defect or want of form, but the court shall proceed and give judgment according as the right of the cause and matter in law shall appear unto it, without regarding any imperfections, defects, or want of form

in such writ, declaration or other pleadings, return, process, judgment, or proceeding whatsoever."

If the defendant had demurred to the declaration on the ground set out in his motion in arrest of judgment, the District Court would doubtless have allowed the plaintiff to amend as to the formal defect referred to. And under the decision of this court in *Barker* v. *Almy*, 20 R. I. 367, it is competent for us to direct the District Court to now permit the proper amendment to be made and then to enter judgment on the decision. See also *Hobbs* v. *Ray*, 18 R. I. 84.

The case before us is different from that of *Slater* v. *Fehlberg*, 24 R. I. 574. There the form of action set out in the writ was trespass on the case, while that set out in the declaration was trespass. And we held that our statute of amendments was not broad enough to enable the court to permit the form of action to be changed. The declaration in that case not only formally alleged that the action was trespass, but declared upon an assault and battery committed upon the plaintiff with force and arms, &c., in the usual way, which showed that the only action that could be brought was trespass. So that the variance between the writ and declaration there was clearly fatal.

(2)     In the case before us, as already said, the plaintiff had his election to bring either trespass or case; and hence any variance between the writ and declaration, even if the latter had declared in a different form of action from that stated in the writ, would not be fatal, as it would be amendable. But, as we have shown, there is no variance between the writ and declaration in the case before us in the form of action employed, it benig trespass in both. All that is needed, therefore, is that the declaration be formally amended in the particular above mentioned.

Counsel upon both sides have treated the case as though it were before us on exceptions to a ruling of the District Court on the motion in arrest of judgment.

This is an error on their part. When a motion in arrest of judgment is made in a District Court or in the Common Pleas Division of this Court, it can not be acted on by either of said

courts, but must be certified to the Appellate Division for its decision. See Gen. Laws R. I. cap. 222, § 3, and amendments thereto, and cap. 251, §§ 10–11; also *Lodge* v. *O'Toole,* 20 R. I. 300.

The motion in arrest of judgment is overruled, and the case remanded to the District Court of the Tenth Judicial District with direction to permit the plaintiff to amend his declaration in the particular referred to, and when so amended to enter judgment for the plaintiff on the decision heretofore rendered by that court.

*Thomas F. Vance,* for plaintiff.

*Hugh J. Carroll,* for defendant.